UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY Y. KINDRED,

                  Petitioner,                              Case No. 05-CV-71553-DT
                                                              Honorable Marianne O. Battani

v.

THOMAS BIRKETT,

                  Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS**

**I.      Introduction**

Before the Court is Respondent's Motion for Summary Judgment and Dismissal of

Petition for Writ of Habeas Corpus.  Petitioner Henry Y. Kindred, a state inmate, currently

incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a

*pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is

incarcerated in violation of his constitutional rights.  Respondent argues that Petitioner's petition

was not timely filed under 28 U.S.C. § 2244(d)(1).  Petitioner contends that equitable tolling

should apply because he has demonstrated a credible showing of his actual innocence.  For the

reasons stated below, the Court grants Respondent's motion and dismisses the petition for failure

to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II.     Facts and Procedural History**

Following a jury trial in Calhoun County Thirty Seventh Judicial Circuit Court, on

January 20, 1994, Petitioner, Henry Y. Kindred, was convicted of second-degree murder,

1

MICH.COMP. LAWS § 750.317, and felony firearm, MICH.COMP. LAWS § 750.227(b).  For those respective convictions, he was sentenced to twenty to forty years imprisonment and two years consecutive imprisonment.  Petitioner filed his claim of appeal to the Michigan Court of Appeals within the appropriate time, and on April 18, 1997, the court of appeals affirmed his convictions. *People v. Kindred*, No. 173926 (Mich.App. April 18, 1997).  Subsequently, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied on February 27, 1998.  *People v. Kindred*, No. 109345 (Mich. Feb. 27, 1998).

On April 25, 2002, Petitioner filed a motion for relief from judgment in the trial court, claiming ineffective assistance of trial counsel.  Petitioner contends that trial counsel failed to call a defense witness, who would have supported his self-defense theory.  The trial court, after holding an evidentiary hearing, denied that motion.  *People v. Kindred*, 93-1874 (Calhoun County Circuit Court Oct. 31, 2002).

Petitioner then filed an application for leave to appeal that decision in the Michigan Court of Appeals, and subsequently, in the Michigan Supreme Court.  Both Michigan appellate courts denied leave to appeal.  *People v. Kindred*, No. 249730 (Mich.Ct.App. Mar. 11, 2004; *People v. Kindred*, No. 126086 (Mich. Dec. 29, 2004).  Following the Michigan Supreme Court's decision to deny leave to appeal, Petitioner filed a motion for reconsideration, which was also denied.  *People v. Kindred*, No. 126086(28) (Mich. Mar. 29, 2005).  Petitioner filed the pending petition for a writ of habeas corpus on April 15, 2005.

III.   **Analysis**

A.     **Statute of Limitations**

Respondent has filed a Motion for Summary Judgment on the basis that the petition

2

was not timely filed.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  Petitioner's application for habeas corpus relief was filed after April 24, 1996.  Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application.  *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state court direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court.  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."  SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute.  A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  However, tolling is effective only when collateral review

3

is properly sought within the limitations period.  *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).  The statute is also tolled during the ninety days afer the state supreme court's decision during which time a defendant could have petitioned the United States Supreme Court for review.  *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied*, 124 S.Ct. 2388 (2004).  The state post-conviction relief petition does not delay the date on which the judgment becomes final, but merely tolls the time from the day it is filed until the day when the state supreme court finally denies review.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

In the pending case, Petitioner did not file his application for writ of habeas corpus within the statute of limitations.  Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on February 27, 1998.  Petitioner then had ninety days from the Michigan Supreme Court's Order denying his application for leave to appeal in which to seek a writ of certiorari with the United States Supreme Court.  For purposes of the statute of limitations, therefore, his convictions became final on May 28, 1998.  Accordingly, Petitioner was required to file his habeas petition on or before May 28, 1999, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

Petitioner did not file his state-court motion for relief from judgment until April 25, 2002.

4

Thus, the one-year limitations period had expired well before petitioner sought state post-conviction review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.  The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration.  *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999).  The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Here, Petitioner's application for writ of habeas corpus, dated April 15, 2005, was filed almost six years after the expiration of the one-year statute of limitations.  Consequently, Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

In his response to the summary judgment motion, Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claim is based upon newly-recognized constitutional rights.  He does, however, assert that his claim is based upon ineffective assistance of counsel; his trial counsel failed to contact, interview, and ultimately call to testify at trial an eyewitness to the shooting incident, Mr. Ivan Brown.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence.  The time commences when the factual predicate for a petitioner's claim could have

5

2:05-cv-71553-MOB-MKM   Doc # 29   Filed 06/08/06   Pg 6 of 9   Pg ID 1839

been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.; see also Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D), which allows the one-year statute of limitations to run anew upon the discovery of new evidence, does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. The United States Court of Appeals for the Sixth Circuit has noted that the AEDPA "does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado, supra* at 644 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence that involves the facts. *See Tate v. Pierson,* 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001) (citing *Flanagan, supra* at 198-99). A habeas petitioner has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In this case, on September 11, 2002, the trial court held an evidentiary hearing regarding Petitioner's ineffective assistance of counsel claim involving (1) the extent of defense counsel's knowledge of potential witness Brown's testimony concerning the defense of self-defense, (2) whether Brown was available at the time of trial to be called as a defense witness, and (3) the defense trial strategy which may have been employed in not calling Brown as a defense witness

6

on the claim of self-defense.  The trial court heard testimony from trial defense counsel,

Theodore Hentchel, Battle Creek Police Officer, Scott Metzgar, Defendant, Henry Kindred, and

the potential self-defense witness, Ivan Brown.  The trial court concluded that trial defense

counsel's decision not to call Brown to testify was part of a purposeful defense trial strategy,

given the equivocation in Brown's initial statement and his potential bias, and that Defendant

could not meet his burden in establishing that trial defense counsel was ineffective.

This Court finds that Petitioner had actual or putative knowledge of Brown's testimony

and the facts supporting a possible self-defense defense at the time of his trial and direct appeals.

Given such circumstances, tolling of the one-year period is unwarranted.  Petitioner's habeas

action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

**B.     Equitable Tolling**

Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he

should be entitled to equitable tolling because testimony from Brown established a credible

claim of actual innocence.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year

limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v.*

*United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part

test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's
> lack of constructive knowledge of the filing requirement; (3) diligence in
> pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the
> petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

7

*Dunlap*, *supra* at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, *supra* at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).  The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be granted sparingly."  *Dunlap*, *supra* at 1008.  The decision whether to equitably toll a period of limitations is decided on a case-by-case basis.  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)

Petitioner argues that he has made a credible showing of actual innocence, and equitable tolling should be applied to allow consideration of his constitutional claims.  He concludes that he would not have been convicted but for the ineffective assistance of his trial counsel, who failed to put forth the testimony of Brown.

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway, supra* at 1190.  As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical

8

evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual

innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence; there are no affidavits that

support his claim. Furthermore, Petitioner cannot demonstrate that no reasonable juror would

have convicted him had eyewitness Brown testified. Petitioner, along with trial defense counsel,

eyewitness Brown, and a police officer testified at his post-conviction evidentiary hearing

regarding the self-defense defense and the ineffective assistance of counsel claim. The trial

court found Petitioner's claim was unsupported. Under the circumstances of this case, therefore,

Petitioner has failed to show he is entitled to equitable tolling.

## IV.    Conclusion

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas

petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the

statute of limitations precludes federal review of the petition.

**ACCORDINGLY**, **IT IS ORDERED** that Respondent's motion for summary judgment

is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to

proceed on appeal *in forma pauperis* is **DENIED**.


                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        United States District Judge


Dated: June 8, 2006

9